Thank you, your honors, and may it please the court. The case that underlies this malicious prosecution and bankruptcy action is not a personal injury action against an insurance company. It's a legal malpractice action that the client, Ross Gunnell, began himself. He filed against Ms. Silas. He is her former client. Later, he became my former client. But he filed the action because she blew a $6.65 million verdict that had been awarded to him. Now, I testified that I thought his lawsuit had merit and I substituted in. When Ms. Silas had represented Mr. Gunnell, she had alleged claims against Gunnell's employer under two different theories, but she had abandoned one before trial. And I agreed with Mr. Gunnell and his lawsuit, the allegations, that Silas had dropped the wrong theory. However, the case, after I substituted in, ended less than a year later when a defense summary judgment was granted. That, though, became the genesis of the malicious prosecution case. And then later on, the reason I filed for bankruptcy because of the judgment in that case. Now, the judge erred. We've now had a trial on Ms. Silas's claim under 11 section 11 USC 523A6. She alleges that my representation of Mr. Gunnell was not for the purpose of helping Mr. Gunnell, but for the willful and malicious purpose of injuring her. And the trial court erred on regard to both prongs, the willful and the malicious prong. And I would, the judge began the trial by pointing out she would not be considering the malicious prong at all. And in the court's findings and conclusions, she actually confirmed that. Counsel, I'm curious if here, right in the underlying action against you, the jury found that you acted with subjective intent to deliberately misuse the legal system and even awarded punitive damages. How can that not, doesn't that finding in California have to be in essence, both malicious and willful? Oh, no, your honor. And I know this has been litigated. I'm sorry to interrupt you. I know this has been litigated in part, but I'm just curious. Like I can't imagine scenarios where something isn't malicious, that isn't also willful. Well, your honor, the fact that the jury rendered that verdict doesn't, I made some mistakes in defending us. We made some bad mistakes in my defense, but the fact is the issue of willful and malicious, those were never issues that were brought up in that trial. And in a malicious prosecution case, malice isn't brought up? No, malice was brought up. However, the jury was instructed in my case that they could find consisted of mere recklessness, not an intent to injure at all. And that is exactly why the summary judgment, or one of the reasons the summary judgment was reversed. So now we've had a trial, a full trial on Ms. Silas's claims, and she had an opportunity to put in all the evidence that she could muster. But the standard for purposes of the bankruptcy code on maliciousness, and this is in your own, what you quote in your own brief, malicious injury involves a wrongful act done intentionally, which necessarily causes injury and is done without just cause or excuse. Why aren't all the elements of malice in that definition met by the findings that you persisted in a lawsuit that lacked probable cause, and you did so intentionally, even after you knew, as the Court of Appeals said in upholding it, that there was no factual support for the misappropriation claim, and that there was no legal validity to the charge that the fraudulent concealment theory shouldn't have been dropped? Well, Your Honor, notwithstanding the definitions under the law, this jury wasn't instructed that way. And the jury in this case found, as they were instructed that... I don't think we can, as a federal court, I don't think we can go back and review errors of state law. Maybe your jury wasn't properly instructed in state court, but it's all been upheld. We have a Court of Appeal decision that sustains the verdict, tells us what it means. Can we go behind that? I think we must, if justice is to be served, Your Honor. Because, and I'm not challenging the verdict. The whole theory of preclusion is that a wrong judgment is every bit as preclusive as a correct one, and we do not get to look at it over again. And I read this Court of Appeal decision, and I don't see how any of the elements of malice that you've set forth in your own brief are not met. Tell me, using the Court of Appeal decision, which one of those is not satisfied here as to malice? Your Honor, I'm sorry. I'm not so facile as to be able to refer to that... They said it's wrongful. They said it was done intentionally. It necessarily causes injury. And they said it was done without probable cause, which says that it's done without just cause or excuse. What am I missing? Well, the fact that a trial has been held, Your Honor, and that was not brought about... If that argument had been made at the trial, I could have addressed it, but it wasn't. And... At which trial? At the trial by the bankruptcy court. Because it was, the court perhaps said it wasn't necessary because of what I just said, which is that all the findings in the state case were preclusive on malice, and there was nothing left. And I'm asking you to tell me why that was wrong, and I'm not hearing an answer. Your Honor, I'm sorry if I'm not articulating myself well enough, but it was wrong. The main reason it was wrong is because in my particular case, the jury wasn't instructed that they could find malice. But I do... Mr. Arden, now you're... See, I'm just gonna, I think, clarify where you're making a mistake. What Judge Collins is saying is we have to accept that. And you aren't giving us any reason under the law. You're giving us factual reasons you disagree with it versus legal reasons we can disregard it. Does that make sense? Yes, Your Honor. And all I can say is that the judge didn't say that she... Well, the judge indicated that she wasn't going to consider malice because of the opinion of the BAP, and I just don't believe that's supported. But I do want to address the fact that the second prong was not met here. I'm not abandoning the argument that there was error in the first prong, but it's clear that there was error, just as clear, excuse me, it is clear that there was error as to the second prong in finding that I acted willful. We all are addressing the Carrillo versus Sue point that says the crucial issue is what was my subjective intent. And it also says, as we both point out, that where direct evidence of my subjective intent is not available, or in addition to, you can use, excuse me, you can use circumstantial evidence of what is actually known to me. But that doesn't mean that you can substitute, excuse me, that does not mean that objective evidence can take the place of subjective evidence. And that is all that is in the record. The findings and conclusions of the court refer, in fact, there are findings that are made that were never made in the lower cases. I'm not sure I follow you. Are you saying that a court cannot make a willfulness finding without subjective evidence? No, I'm sorry, I misspoke if that's what I meant to say the opposite, that subjective evidence is required in order to find willful. That's okay. That's the same question. So what case law for that? You're saying a court cannot rely on objective evidence to determine willfulness. So how do we, how do juries make willfulness findings in criminal cases all the time? Well, I can't respond to that, Your Honor. This was a bench trial in an action under 523A6, not a criminal case. But regardless, willful findings are made all the time through objective evidence. Is there any case law for the proposition that you can't consider objective evidence in making a willfulness finding? Well, yes, Your Honor. I'm referring to the case of both parties have cited Carrillo v. Sue, Henry Sue, which says that in addition to what a debtor may admit to knowing, the bankruptcy court may consider circumstantial evidence. You're muted, Mr. Arden. My apologies, Your Honors. I was reading, I was quoting a bit from this Henry Sue case, which both parties have cited, that says that the bankruptcy court, in addition to considering what a debtor may admit to knowing, and what my subjective intent is actually stated to be, the court can consider circumstantial evidence that tends to establish what the debtor must have actually known when taking the injury-producing action. And my point is that there was no other circumstantial evidence of what I actually knew. The court is citing, in its findings and its conclusions, opinions from other cases, and what others may have thought, even if they thought something about my subjective intent, that's not a substitute for what I did actually think. And moreover, these opinions were written by judges who were not there. My subjective intent was never an issue in any of those cases. And it is dicta, moreover. So we have to... Your subjective intent was not an issue in any of the malicious prosecution cases? Well, there was never any examination on the subject, never any instruction to the jury on it, no findings by the court. I thought there had to be a deliberate misuse of the legal system, I'm quoting. Again, that is what the code or the cases say. However, the jury was instructed that we have submitted all the jury instructions. And so it's clear that the jury was instructed that they could find punitive damages, and that I'd acted as I did based on recklessness. And the testimony in the case, in the record, is that I admitted to making some mistakes. But that's a lot different than saying, I didn't really intend to help Mr. Gunnell, that my real intent when I took the case, I knew it was no good, and I intended to injure willfully and maliciously Ms. Silas. And there is not one case on the record that holds an attorney liable under circumstances like this for a 523A6 action, where all the conduct of the attorney was representing a client in the client's case, and the case never even went to trial. That's all, the case was over, there was never any conduct beyond that, and that's admitted, that's clear in the record. You have one minute left, you might want to save that for rebuttal. I do, thank you very much, Your Honor. All right, so we'll hear now from Ms. Silas. Good morning, can you hear me, Your Honors? Yes. May it please the Court, I'm Martina Silas, I'm the FLE. And first of all, the Full Faith and Credit Statute, the Full Faith and Credit Act, as applied to federal courts by 28 USC 1738, requires the federal courts to respect and to apply judicial actions in the state court. And the case of Bugna, I hope I'm pronouncing that right, Ninth Circuit case, that was a fraud case, a non-dischargeability case. That case held that the federal court in a non-dischargeability case is required to give full faith and credit to a state court action. So here we have, and it was in evidence, the court took judicial notice, and I can give the court citation for that, of that Silas v. Arden state action. And, I'm sorry, and as the court pointed out, not only were all of the elements of malice met by that state published opinion, also willfulness. And this appeals the first time I've had before the Ninth Circuit. We wouldn't have to reach that argument if we upheld the bankruptcy court's finding of willfulness as not clearly erroneous. We wouldn't have to reach the issue of whether the state judgment was preclusive of willfulness, would we? I agree with that, Your Honor. Either one of those independently would be grounds to affirm the case. So I just also is clearly subject not just to the trial court's factual findings, which are subject to under, I think it's the Hinkson, U.S. v. Hinkson said that matters of motive and intent, those are factual findings that are within the province of trial court. And the trial bankruptcy court here clearly found a subjective intent to harm. But alternatively, I just wanted to make sure I pointed out that argument that this court is not bound and should disregard that BAP finding that the state court action did not conclusively establish willfulness because, as I think it was a judge that pointed out, the Silas court stated that my evidence must include, and I quote, proof of either actual hostility or ill will on the part of the defendant or a subjective intent to deliberately misuse the legal system for personal gain or satisfaction at the expense of the wrongfully sued defendant. And, you know, that is both malice and it also is willfulness because it's a subjective intent to harm. May I interrupt you for a second? Oh, certainly. I'm sorry. Mr. Arden's argument, he was saying that the state court on the willfulness element allowed the jury to find that recklessness was a sufficient subjective intent to find willfulness, while I'm sorry. What do you say to that point? I'm glad you asked that, Your Honor, because it's an important issue in this case is that the jury instructions in the trial court in the state court are irrelevant at this point because if Mr. Arden, the California Court of Appeal held that my burden was to prove a subjective intent to harm, and if Mr. Arden felt in that appeal that there was some error in terms of the jury instructions or in terms, you know, the way they were instructed or that the jury's findings didn't sufficiently support the legal requirements, that the time for the state court appeal. So I think, Ms. Stiles, sorry to interrupt you, but what I think he's arguing is, I understand it, and as Judge Bea was getting at, is that subjective intent, you can find subjective intent for mere reckless conduct. True or not true? Absolutely not true. California law has, and this interesting point is that California law has an identical, almost verbatim requirement of subjective intent as 11 U.S.C. 523-A-6, and I can read that from you directly from the cases. Under California law, the Downey, D-O-W-N-E-Y case states that subjective intent is shown that the plaintiff in a malicious prosecution action must establish, quote, an act deliberately done for the express purpose of causing damage or intentionally performed with knowledge that damage is highly probable or substantially certain to result. That's the Downey case, and Downey was cited in Silas v. Arden, and that's Downey at Cal Reporter at page 155. Can I have you address one of his other arguments, which is that the bankruptcy court here looked at objective evidence. I think we were mixing apples and oranges, but what I think he means is he didn't make a conclusion, or she, the bankruptcy judge, did not make a conclusion as to the willfulness, meaning the subjective intent as to willfulness here. So assume the BAP is right for this, and so you have to win by upholding the bankruptcy court. Is that accurate? Because, A, I have two questions. I'm sorry, it's not very clear. One is, can you look at circumstantial and other objective evidence to determine someone's subjective intent? And question two is, did the bankruptcy court only look at that type of evidence? I can answer that, Your Honor. First of all, the word objective doesn't even appear anywhere in the 30-some page findings of fact and conclusions of law. The judge was completely relying on and considering Mr. Arden's subjective intent to harm. Mr. Arden has made this objective Ormsby case, stating that the court was looking at the totality of circumstances of the evidence in front of her to determine, based on circumstantial evidence, his subjective intent and whether that was a subjective intent to harm. And that is actually at volume one of my supplemental excerpts. I think it starts at page 40. And so I agree with you that's what the bankruptcy court did. What I think, let me just make my best argument for Mr. Arden that he's trying to make, which is, you can't use what he's calling objective evidence, meaning circumstantial and other evidence, to conclude what someone's subjective intent is. You must have actual, I don't know what it is, but subjective evidence, meaning Mr. Arden's own statements, in order to make that finding. Are you aware of any case law supporting that proposition? I'm not, Your Honor, and the case law is exactly the opposite. The Silas v. Arden state case essentially said, you know, short of a confession, you're never going to have the defendant state, yes, I subjectively intended to harm her. So what the Silas v. Arden state held was, you really only have circumstantial evidence, which is just as strong as long as it's the totality. And the trial court here, you know, Mr. Arden, all they had, I guess, the way Mr. Arden's trying to describe it, was Mr. Arden's denial. Now the only evidence in his corner was essentially, well, I didn't mean to hurt her. And here, the trial court found Mr. Arden not credible, for several reasons set out in my brief. But it found, you know, based on, and it's not, it's not objective evidence, it's actual evidence, that at one point he was saying, oh, this is such a complex case, I needed months to prepare for it. But then we're 54 days prior to trial, and he's done nothing. And the bankruptcy judge set that all out, saying, well, he never, he never retained an expert, he didn't talk to witnesses, he didn't prepare for trial, he couldn't possibly have believed, under these circumstances, that he could try the case. And she concluded from, you know, it's a 71 paragraph summary, she gave all of the reasons that she concluded that his, his subjective intent was, was extortion, and not really to prosecute a valid case. Can I ask you one other question, if I may, and I know we denied this without prejudice, but if in the bankruptcy appellate panel reversed once on the issue of willfulness, how can it appeal from a trial on this very issue ever be frivolous? No, the reason, this is the reason, your honor, because I was not arguing that it was frivolous, simply based on the fact of, of the collateral estoppel on, on willfulness. That, that issue was not even something Mr. Arden raised in his appeal. It's frivolous as argued, because Mr. Arden states things like, well, this was remanded, you know, for both issues, when the, the Ninth Circuit Court of Appeal and the prior appeal, and the BAP both said it was remanded solely because the willfulness issue, you know, had. Let's, let's chalk that up to bad briefing, Ms. Silas, and if we sanction people for doing that all the time, I mean, the Court of Appeals would be sanctioning all the time. You know, there's a, the reasons in the motion for sanctions, and I, I would invite the court to ask for further briefing on this, because I do think it's important. There were a number of misrepresentations of the record. Mr. Arden said numerous times in his brief that the court did not permit me to submit evidence of my state of mind. The court did not permit me to submit my justification for my prosecution. However, there was not a single piece of evidence the court did not permit Mr. Arden to submit. He had a 29-page declaration with all of the facts that in his brief he claims he was precluded from that misappropriation claim. He said, oh, we dropped that. That's not true, and clearly in the record he had submitted two amended complaints, and he opposed a summary judgment, but he said multiple times that the court wouldn't, that he withdrew that. I'm trying to think of the other definite misrepresentations of the record. Oh, the other issue is he stated that one of his main issues was that the court's finding of willfulness was based on speculation, but he left out of his excerpts of record my 63 admitted exhibits. Those sorts of things are all misleading, and there's, there's a difference between, Your Honor, a, you know, a legitimate appeal where reasonable minds could differ, where I guess you could say, well, in reliance on the BAP's finding, you know, arguing this willfulness issue, but that wasn't even the basis of this appeal, that BAP issue. His appeal was solely on what happened in the trial court, and if you read just the opening brief, I don't think the court would even have an understanding of what happened. The court would have the false impression that, oh, this judge wouldn't even let anything in, and because she held that malice was conclusively established, she just wouldn't even let me put on my case, and that's just not true. He put on his entire case, so that, that, that crosses the line, respectfully, Your Honor, between what's a reasonable claim of error that might be wrong and something that's just a waste of the court's time, and there, there are many examples of that in my, my motion, so, so I would respectfully ask the court to request written opposition to that, so that we can address it, because I, you know, the court's time is, is important, and I think if we just, if this appeal, if there were, I don't, if there were any legitimate arguments, such as, you know, possibly there wasn't enough evidence of subjective intent, that, that's fine, one can I think it's six issues. All of them were based on what I would respectfully submit were either misrepresentations, exaggerations, or, or just inaccurate statements of the record, and I think that showed a disrespect for the court, so that's respectfully why I asked for the sanctions, and I see I'm over my time, so if I, if the court, if there are no questions, I'd urge the court to, to affirm, and also to seriously consider the sanction motion. All right, thank you, counsel, I think so much. Mr. Arden, I think you have about a minute left. Thank you. I'll try to touch on things quickly. The malpractice case that we're discussing never went to trial, and there were no findings. It was simply a summary judgment by the defense that was affirmed on appeal. You can't take anything more than that from it, and calling it subjective, I mean, calling it subjective doesn't make it so. Examples of circumstantial evidence of my subjective intent would be, for example, the things I considered that I said that I testified to considering at the time I entered into representing Mr. Ganell. None of the things I considered are mentioned in the judge's findings of fact and conclusions, and the, you know, the text of 523A6 and the cases that interpret it make it clear that it's not supposed to be easy to show that somebody acted willfully and subjectively to injure another, and it's a stretch in this case, notwithstanding the judgment, the conclusions are simply not supported by facts in the record, inferences in the record from which you can find a subjective intent. None of those are there. Thank you, Counselor. Your time has expired. The case just argued will be submitted.
judges: Bea, Thapar, Collins